No. 34,642

MILTON V. GAFNEY and H. C. WALLACE, *Plaintiffs*, v. THE WILSON COUNTY HOSPITAL, T. C. BABB, E. A. WARREN, A. S. HOPKINS, W. H. EDMUNDSON and BRIAN O'BRIAN, as Members of the Board of Trustees of The Wilson County Hospital, and COENA FOSTER, as Superintendent, etc., *Defendants*.

(96 P. 2d 613)

Opinion filed December 9, 1939.

*James E. Smith* and *E. H. Hatcher*, both of Topeka, for the plaintiffs.

*W. H. Edmundson*, of Fredonia, for the defendants.

*C. A. Bauer, Jr.*, county attorney, as *amicus curiae*.

*Per curiam:* Plaintiffs have invoked our original jurisdiction in mandamus to compel defendants to extend to plaintiffs as duly licensed osteopathic physicians the right to use the county hospital for the purpose of treating their patients.

To the alternative writ allowed, defendants have filed a motion to quash, on various grounds, the first of which is that plaintiffs have no legal capacity to maintain the action. So far as concerns the plaintiff Gaffney, the motion is not good, under many of our precedents. (*Kittredge v. Boyd*, 136 Kan. 691, 18 P. 2d 536; *Kern v. Newton City Commissioners*, 147 Kan. 471 P. 2d 954.) The statute authorizing the creation of the county hospital and its governing board declares that no discrimination shall be made against practitioners of any recognized school of healing, and all legal practitioners shall have equal privileges in treating patients in such hospital. (G. S. 1935, 19-1813.)

A motion to quash is ordinarily the equivalent of a demurrer. It admits the truth of all allegations well pleaded, but no others. The fact that in an application for mandamus some allegations may be included which are not well pleaded or complaints against the

methods of defendants in conducting the hospital about which the petitioner can have no concern apart from the general public cannot be met by a motion to quash. Neither is a motion to quash strengthened by including therein general or specific denials of the material allegations of plaintiffs' petition, nor by counter allegations of fact which might properly appear in an answer or other pleading. Nor does such a motion lie against an application for mandamus because it includes a request for an adjudication of matters of public concern sought in the application for the writ about which no actual controversy exists between plaintiffs as private litigants and these defendants.

The motion to quash is therefore denied, and defendants may have thirty days in which to plead further, as they may be advised.